UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. HUNTER, aka SHEIK AARON HUNTER-EL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN RANDY L. TEWS,<br><br>Respondent. | NO. CV 14-9417-ODW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On December 8, 2014, Petitioner, who is incarcerated at Victorville-FCI, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]

Petitioner lists two grounds. The first ground alleges he is "being deprived of my Statutory Contractual vested rights, and illegally charged in commerce, in violation of Special Statute no. 10105905" of Illinois. (Petition at 3.) The second ground alleges that "[u]nder Illinois law, an equitable lien is a remedy for a debt. By Defendant's non-acceptance of the accompanying Special Statute, Defendant has in fact questioned the validity of the Public Debt." (*Id.*)

Petitioner argues that the Bureau of Prisons is "legally and equitably estopped from charging [Petitioner], in commerce for phone, e-mail, or

---

[1] The Court takes judicial notice of a petition filed by Petitioner raising similar claims in *Hunter v. Zodwin*, Case No. CV 13-6012-ODW (AGR) (C.D. Cal. 2013), which was summarily dismissed on August 22, 2013. *Id.*, Dkt. Nos. 3-4.

commissary by the accompanying Special Statute" and instead must "be charge[d] to the accompanying Special Statute." (*Id.* at Ground One (continued).)

A prisoner in the custody of the United States is entitled to a writ of habeas corpus if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A § 2241 habeas petition [may also] challenge[] the execution of a criminal sentence[.]'" *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 988 (9th Cir. 2002).

Petitioner's claims are not cognizable under habeas. He challenges only the conditions of his confinement. (*See* Petition at 2); *see also Alcala v. Rios*, 434 Fed. Appx. 668, 669 (9th Cir. 2011) (unpublished memorandum) ("the [§ 2241] petition challenges the conditions of confinement and therefore should have been brought as a civil rights action"); *Murphy v. Gonzalez*, 2011 WL 166291 (C.D. Cal. 2011) (collecting cases). The relief requested from the alleged constitutional violation would not affect the length of his confinement or the lawfulness of his conviction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules also apply to habeas corpus petitions brought pursuant to § 2241. *See* Rule 1(b).

Summary dismissal is appropriate here because the petition is not cognizable under habeas and is frivolous.[2] *See Mayle v. Felix*, 545 U.S. 644,

---

[2] The "Special Statute" is in fact the incorporation of the Moorish Science Temple of America. (Petition, Attached); *see also El Bey v. Moorish Science Temple of America, Inc.*, 765 A.2d 132, 134 (Md. 2001) (background of Moorish Science Temple of America); *Walton-El v. Marcotte*, 2012 WL 2871161, *1 (W.D. La. May 23, 2012) ("Persons charged with crimes or who find themselves in civil legal difficulties sometimes contend that they have special status stemming from their association with a 'Moorish' group that somehow exempts them from

2

669-70, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("the purpose of the heightened pleading standard in habeas cases is to help a district court weed out frivolous petitions before calling upon the State to answer"); *Blackledge v. Allison*, 431 U.S. 63, 76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) (summary dismissal is appropriate when the allegations are 'patently frivolous or false'") (citation omitted); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate . . . where the allegations in the petition are 'palpably incredible'") (citation omitted).

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the petition and action.

DATED: December 15, 2014

_____
OTIS D. WRIGHT II
United States District Judge

---

prosecution for crimes *or liability for debts*.") (emphasis added); *Hill El v. Craven*, 2012 WL 1067627, 7 (M.D.N.C. March 30, 2012) (dismissing complaint as frivolous and collecting cases).

3